Patrice L. Bishop (182256)
STULL, STULL & BRODY
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA 90024
Tel:  (310) 209-2468
Fax:  (310) 209-2087
service@ssbla.com

Jules Brody
Aaron L. Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:  (212) 687-7230
Fax:  (212) 490-2022
SSBNY@aol.com

Attorneys for Plaintiff

JOHN H. HEMANN (SBN: 165823)
JOSEPH E. FLOREN (SBN 168292)
THOMAS R. GREEN (SBN: 203480))
MATTHEW S. WEILER (SBN 236052)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail:  jhemann@morganlewis.com
         jfloren@morganlewis.com
         tgreen@morganlewis.com
         mweiler@morganlewis.com

Attorneys for Defendant KLA-Tencor Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS CRIMI, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD W. BARNHOLT, H. RAYMOND BINGHAM, ROBERT T. BOND, RICHARD J. ELKUS, JR., STEPHEN P. KAUFMAN, KENNETH LEVY, MICHAEL E. MARKS, DEAN O. MORTON, KENNETH L. SCHROEDER, JON D. TOMPKINS, RICHARD P. WALLACE, KLA-TENCOR CORPORATION, and DOES 1 through 25,<br><br>Defendants. | Case No. CV-08-2249 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:  May 30, 2008<br>TIME:  8:30 A.M.<br>DEP'T:  Courtroom 8<br><br>Hon. Charles R. Breyer |

1-SF/7707332.1

JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Local Rules and Standing Order of this Court, the parties hereby submit their Joint Case Management Conference Statement.

### 1. **Jurisdiction and Service:**

Plaintiff Chris Crimi ("Plaintiff") contends that this Court does not have subject matter jurisdiction. Instead, Plaintiff maintains that the Superior Court of the State of California for the County of Santa Clara (the "State Court") has subject matter jurisdiction pursuant to the California Constitution Article VI, Section 10, because the case is an action not given by statute to other trial courts.

Defendant KLA-Tencor Corporation ("KLA-Tencor" or the "Company") contends that this court has jurisdiction pursuant to 15 U.S.C. §§77p and 77bb(f), as well as 28 U.S.C. § 1331, and that venue in this Court is appropriate under 28 U.S.C. § 1441(a). Defendant removed this case from the State Court pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §78bb(f)(2).

Plaintiff contends that this action should be remanded to the State Court pursuant to 28 U.S.C. § 1447 because SLUSA specifically precludes removal of actions such as this one which is based on the statutory or common law of the issuer's state of incorporation. 15 U.S.C § 78bb(f)(3)(A)(ii). Plaintiff anticipates filing his Motion for Remand on May 29, 2008.

KLA-Tencor contends that remand of this action is inappropriate because SLUSA requires that class actions such as the one brought by Plaintiff be litigated in federal court. KLA-Tencor contends that Plaintiff's Amended Complaint does not meet the narrow exception to this rule reserved for actions brought under state law of incorporation.

With regard to service, KLA-Tencor was served. The Individual defendants Edward W. Barnholt, H. Raymond Bingham, Robert T. Bond, Richard J. Elkus, Jr., Stephen P. Kaufman, Kenneth Levy, Maichael E. Marks, Dean O. Morton, Kenneth L. Schroeder, Jon D. Tompkins and Richard P. Wallace have not been served. Morgan Lewis & Bockius LLP agreed to accept service on behalf of certain of the individual defendants prior to KLA-Tencor's removal of the action to this Court. Morgan Lewis & Bockius LLP can now only

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW SAN
FRANCISCO

1-SF/7707332.1                           2

JOINT CASE MANAGEMENT STATEMENT

agree to accept service on behalf of the individual defendants it represents and to meet and confer with Plaintiff's counsel to ensure that all defendants are properly served. Plaintiff anticipates obtaining of Summons under new Federal case number next week and discussing with counsel for defendants whether they will accept Waivers of Service of Summons.

**2.    Facts:**

As alleged in Plaintiff's Amended Complaint, this is a shareholders' action on behalf of all individuals who owned KLA-Tencor common stock between September 20, 2002 and September 27, 2006, except those who are part of the class of settling shareholders who purchased KLA-Tencor stock between February 13, 2003 and May 22, 2006, (the "Class"). Plaintiff, on behalf of himself and those similarly situated, alleges that certain current and former officers and members of its Board of Directors (the "Board") breached their fiduciary duties when they failed to inform plaintiff and the Class that they had issued backdated KLA-Tencor stock options to certain senior executives. Indeed, KLA-Tencor has admitted that it issued backdated stock options to employees in connection with various grants between July 1, 1997 and June 30, 2002.

On May 24, 2006, the Company filed an 8-K with the Securities and Exchange Commission ("SEC") which announced that the Board had appointed a Special Committee of independent directors to "conduct an internal investigation relating to past stock option grants, the timing of such grants and related accounting and documentation." Over the next several months KLA-Tencor continued to issue press-releases and/or filings with the SEC which further outlined its and various governmental entities' examination of the alleged backdating.

On October 16, 2006, the Company announced, in an 8-K filed with the SEC, that KLA-Tencor had "terminated, effective immediately, all aspects of its employment relationship with Kenneth L. Schroeder and any and all employment and/or service agreements between Mr. Schroeder and the Company." The Company also announced that its Vice President of the Company General Counsel, Stuart J. Nichols, had resigned. On

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7707332.1                                  3

JOINT CASE MANAGEMENT STATEMENT

December 27, 2006, the Company filed an 8-K announcing that defendant Tompkins had resigned from the Board on December 21, 2006.

On January 29, 2007, KLA-Tencor filed its fiscal 2006 Form 10-K and restated previously filed earnings for fiscal years 2005, 2004, 2003 and 2002. In its filing, the Company, stated, *inter alia*, that:

> This Annual Report on Form 10-K for our fiscal year ended June 30, 2006 includes restatements of the following previously filed financial statements and data (and related disclosures): (1) our consolidated financial statements as of and for our fiscal years ended June 30, 2005 and 2004; (2) our selected consolidated financial data as of and for our fiscal years ended June 30, 2005, 2004, 2003 and 2002, and (3) our unaudited quarterly financial data for the first three quarters in our fiscal year ended June 30, 2006 and for all quarters in our fiscal year ended June 30, 2005. See Note 2, "Restatement of Consolidated Financial Statements," to Consolidated Financial Statements and Exhibit 99.1 for a detailed discussion of the effect of the restatements.
>
> As a result of an investigation of our historical stock option practices by a Special Committee of our Board of Directors (see Item 3—Legal Proceedings), we discovered that certain of our stock options, primarily those granted from July 1, 1997 to June 30, 2002, had been retroactively priced for all employees who received these grants (less than 15% of these options were granted to executive officers). This means that the option exercise price was not the market price of the option shares on the actual grant date of the option, but instead was a lower market price on an earlier date. The actual grant date—when the essential actions necessary to grant the option were completed, including the final determination of the number of shares to be granted to each employee and the exercise price—is the correct measurement date to determine the market price of the option shares under the accounting rules in effect at the time. More than 95% of the total in-the-money value (market price on the actual grant date minus exercise price) of all of our retroactively priced options was attributable to those granted from July 1, 1997 to June 30, 2002.

As a result of the need to restate, KLA-Tencor recorded an additional pre-tax, non-cash, stock-based compensation expense of (a) $348 million for the periods July 1, 1994 to June 30, 2005 under APB Opinion No. 25 and (b) $22 million for the year ended June 30, 2006 under SFAS No. 123.

**3.   Legal Issues:**

Defendant has filed a Motion to Dismiss which, pursuant to Civil L.R. 7-4(a)(3), outlines the issues to be decided as: (i) May Plaintiff maintain class claims that are

preempted by SLUSA; (ii) Can Plaintiff plead a claim for breach of fiduciary duty for failing to disclose historic backdating; and (iii) Can Plaintiff's claim for breach of fiduciary duty be maintained as a direct action. Defendant contends that all of Plaintiff's causes of action are barred, in whole or in part, by SLUSA, 15 U.S.C. § 77bb. In addition, Defendant contends that Plaintiff has not, and cannot, plead that KLA-Tencor officers and directors had a duty to disclose the "backdating" of KLA-Tencor stock options at the relevant time period. Finally, Defendant contends that Plaintiff's claim for breach of fiduciary duty of disclosure can only be maintained derivatively, if it can be maintained at all.

Plaintiff contends that his action is properly plead as a direct action and was properly filed with the State Court because it is exempt from SLUSA's preemption as his claims are based on the statutory and/or common law of the issuer's state of incorporation. 15 U.S.C § 78bb(f)(3)(A)(ii). KLA-Tencor disputes Plaintiff's contention.

**4.    Motions:**

On September 4, 2007, Plaintiff filed his Complaint for alleged violations of state law against defendant KLA-Tencor and certain of the members of the Board with the State Court. On November 14, 2007, KLA-Tencor filed their Motion to Stay plaintiff's Complaint, and on January 8, 2008, filed a Demurrer to plaintiff's Complaint.

After briefing and hearing on the Motion to Stay, on February 29, 2008, the State Court granted KLA-Tencor's Demurrer with leave to amend and denied the Motion to Stay without prejudice. On April 1, 2008, Plaintiff filed his Amended Complaint.

On April 30, 2008, KLA-Tencor filed its Notice of Removal with this Court, and on May 7, 2008, KLA-Tencor filed a Motion to Dismiss the Amended Complaint, scheduling it for hearing on Friday, June 13, 2008 at 10:00 a.m. After plaintiff's counsel informed counsel for KLA-Tencor that plaintiff intended to file a Motion for Remand and believes that the Motion for Remand should be heard prior to or on the same day of the Motion to Dismiss, on May 22, 2008, the parties filed a Stipulation and [Proposed] Order establishing a briefing schedule on plaintiff's Motion to Remand and KLA-Tencor's Motion to Dismiss.

With regards to the Motion to Dismiss, the parties stipulated that:

     1.      Plaintiff's Opposition to the Motion to Dismiss will be filed and served on Thursday, June 12, 2008;

     2.      Defendant's Reply in Support of the Motion to Dismiss will be filed and served on Thursday, July 3, 2008;

     3.      Hearing on the Motion to Dismiss will be on Friday, July 18, 2008 at 10:00 a.m., or a later date which is convenient to the Court.

With regards to the Motion to Remand, the parties stipulated that:

     1.      Plaintiff's Motion to Remand will be filed and served on Thursday, May 29, 2008;

     2.      Defendant's Opposition to the Motion to Remand will be filed and served on Thursday, June 26, 2008;

     3.      Plaintiff's Reply in Support of the Motion to Remand will be filed and served on Thursday, July 3, 2008;

     4.      Hearing on the Motion to Remand will be on Friday, July 18, 2008 at 10:00 a.m., or a later date which is convenient to the Court.

The Court has not yet ruled on the parties' Stipulation.

**5.**    **Amendment of Pleadings:**

If the Court denies plaintiff's Motion to Remand and grants defendant's Motion to Dismiss, plaintiff intends to request leave to amend. KLA-Tencor anticipates arguing that any amendment would be futile and that any request for leave to amend should be denied. As such, the parties agree that at this time it is premature to set a deadline for amending the pleadings.

**6.**    **Evidence Preservation:**

The parties have represented that they have taken all appropriate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.**    **Disclosures:**

This case was removed to Federal Court from the State Court less than 30 days ago, accordingly, it is premature for initial disclosures. Moreover, defendant contends that the initial disclosure requirements of Rule 26 are not applicable to this action because there is a

mandatory stay of discovery pursuant to the PSLRA.  15 U.S.C. § 78u-4(b)(3)(B); *see Medhekar v. United States Dist. Court for the Northern Dist. Of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996).

**8.    Discovery:**

No discovery has yet occurred in this action.  In addition, defendant contends that discovery is stayed pursuant to the automatic stay of the PSLRA.  15 U.S.C. § 78u-4(b)(3)(B).

**9.    Class Action:**

While plaintiff maintains this action should be remanded to the State Court, pursuant to Civil L.R. 16-9(b), plaintiff provides the following information concerning this action's status as a class action:

(1)    This action is maintainable as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

(2)    As described in plaintiff's Amended Complaint:

> This is a shareholders' action on behalf of all individuals who owned KLA-Tencor common stock between September 20, 2002 and September 27, 2006, except those who are part of the class of settling shareholders who purchased KLA-Tencor stock between February 13, 2003 and May 22, 2006, (the "Class").

Excluded from the Class are defendants, officers and directors of the Company, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

(3)    Plaintiff alleges that it is entitled to maintain the action under Fed. R. Civ. 23(a) and (b) because, *inter alia*:

(a)    The class is so numerous that joinder of all members is impracticable. There are millions of KLA-Tencor stock issued and outstanding.  The shares trade on the Nasdaq National Market under the ticker symbol "KLAC," and thousands of KLA-Tencor stockholders of record are located throughout the United States;

(b)    There are questions of law and fact which are common to the Class, including whether the defendants have engaged or are continuing to act in a manner calculated to

1  benefit themselves at the expense of KLA-Tencor's minority stockholders and whether plaintiff
2  and other members of the Class would be irreparably damaged if the defendants are not enjoined
3  in the manner described below;

4     (c) The defendants have acted or refused to act on grounds generally
5  applicable to the Class thereby making appropriate final injunctive relief with respect to the Class
6  as a whole;

7     (d) Plaintiff is committed to prosecuting this action and has retained competent
8  counsel experienced in litigation of this nature.  The claims of plaintiff are typical of the claims of
9  the other members of the class and plaintiff has the same interest as the other members of the
10 Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and
11 adequately protect the interests of the Class; and

12    (e) Plaintiff anticipates that there will be no difficulty in the management of
13 this litigation as a class action.

14  Additionally, the parties contend it is premature to set a date for hearing on his anticipated
15 Motion for Class Certification prior to the hearing on his Motion for Remand and KLA-Tencor's
16 Motion to Dismiss.

17  KLA-Tencor contends that this action cannot be maintained as a class action pursuant to
18 the SLUSA.  KLA-Tencor has filed a Motion to Dismiss on this ground.

19 **10.** **Related Cases:**

20  Pursuant to Order of this Court, this action has been deemed related to *In re KLA-*
21 *Tencor Corp. Secs. Litig.*, Master File No. 06-cv-04065-CRB (N.D. Cal. May 5, 2008).

22 **11.** **Relief:**

23  Plaintiff's Amended Complaint seeks the following relief:

24  1. Ordering that this action may be maintained as a class action and certifying
25 plaintiff as the Class representative;

26  2. Declaring that defendants have breached and/or are aiding and abetting breaches of
27 fiduciary and other duties to plaintiff and the other members of the Class;

28  3. Awarding compensatory damages against defendants, jointly and severally, in an

1  amount to be determined at trial, together with pre-judgment interest at the maximum rate
2  allowable by law;
3      4.   Rescinding: (i) all stock added to the 1982 Stock Option Plan on July 1, 2003 and
4  July 1, 2004, pursuant to the Evergreen Provision, and (ii) the 2004 Equity Incentive Plan, and
5  cancelling the millions of shares added to the stock option plans.
6      5.   Preliminarily and permanently enjoining the defendants from granting any stock
7  options and from allowing the exercise of any of the currently outstanding options granted under
8  the stock option plans during the Class Period outlined herein;
9      6.   Awarding costs and disbursements, including plaintiff's counsel's fees and
10 experts' fees; and
11     7.   Granting such other and further relief as the Court may deem just and proper.

**12.   Settlement and ADR:**

The parties agree that participation in this Court's ADR program is premature until after the hearings on both plaintiff's Motion for Remand and KLA's Motion to Dismiss, and anticipate filing a stipulation to that effect as soon as possible. After hearing on both motions, if this Court grants plaintiff's Motion for Remand, denies defendant's Motion to Dismiss, and/or grants defendant's Motion to Dismiss with leave to amend, plaintiff believes private mediation is appropriate. KLA-Tencor contends that no form of ADR should be required until after plaintiff has pled a claim that has survived a motion to dismiss. The parties have not participated in any other settlement discussions.

**13.   Consent to Magistrate Judge For All Purposes:**

The parties do not consent to having a magistrate judge conduct all further proceedings.

**14.   Other References:**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues:**

The parties believe it is premature to attempt to narrow the issues prior to ruling on

defendant's Motion to Dismiss or plaintiff's Motion for Remand.

**16.   Expedited Schedule:**

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.   Scheduling:**

The parties believe it is premature to set dates for expert designation, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**18.   Trial:**

Plaintiff requests a trial by jury.  While plaintiff believes it is premature to set the length of the trial at this time, plaintiff anticipates a 15-day trial.  KLA-Tencor reserves its right to request a trial by jury.

**19.   Disclosure of Non-party Interested Entities or Persons:**

Plaintiff filed his Certification of Interested Entities or Persons, pursuant to Civil L.R. 3-16 on May 22, 2008.

### ATTESTATION OF PATRICE L. BISHOP

I, Patrice L. Bishop, hereby attest that the contents of this document are acceptable to all persons required to sign it.  I further attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

Dated: May 23, 2008                           Patrice L. Bishop
                                              STULL, STULL & BRODY


                                              By:  _____/s/_____
                                                     Patrice L. Bishop
                                              10940 Wilshire Boulevard, Suite 2300
                                              Los Angeles, CA  90024
                                              Tel: (310) 209-2468
                                              Fax: (310) 209-2087

| | |
|---|---|
| | Jules Brody |
| | Aaron L. Brody |
| | STULL, STULL & BRODY |
| | 6 East 45th Street |
| | New York, NY 10017 |
| | Tel: (212) 687-7230 |
| | Fax: (212) 490-2022 |
| | |
| | Counsel for Plaintiff |
| Dated: May 23, 2008 | John H. Hemann |
| | Joseph E. Floren |
| | Matthew Weiler |
| | MORGAN LEWIS & BOCKIUS LLP |
| | |
| | By: _____/s/_____ |
| | Matthew Weiler |
| | One Market Spear Street Tower |
| | San Francisco, CA 94105-1126 |
| | Tel: (415) 442-1000 |
| | Fax: (415) 442-1001 |
| | |
| | Counsel for KLA-Tencor Corporation |