| | |
|---|---|
| 1 | Patrice L. Bishop (182256) |
| | service@ssbla.com |
| 2 | STULL, STULL & BRODY |
| | 10940 Wilshire Boulevard |
| 3 | Suite 2300 |
| | Los Angeles, CA  90024 |
| 4 | Tel:    (310) 209-2468 |
| | Fax:   (310) 209-2087 |
| 5 | |
| | Jules Brody |
| 6 | Aaron L. Brody |
| | SSBNY@aol.com |
| 7 | STULL, STULL & BRODY |
| | 6 East 45th Street |
| 8 | New York,  NY 10017 |
| | Tel:    (212) 687-7230 |
| 9 | Fax:   (212) 490-2022 |
| 10 | Counsel for Plaintiff |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 15 | CHRIS CRIMI, on Behalf of Himself and All Others Similarly Situated, | CASE NO. C 08-2249 CRB |
| 16 | | **CLASS ACTION** |
| 17 | Plaintiff, v. | **PROOF OF SERVICE VIA ECF AND U.S. MAIL OF STANDING ORDERS FOR THE HONORABLE CHARLES R. BREYER** |
| 18 | EDWARD W. BARNHOLT, H. RAYMOND BINGHAM, ROBERT T. BOND, RICHARD J. ELKUS, JR., STEPHEN P. KAUFMAN, KENNETH LEVY, MICHAEL E. MARKS, DEAN O. MORTON, KENNETH L. SCHROEDER, JON D. TOMPKINS, RICHARD P. WALLACE, KLA-TENCOR CORPORATION, and DOES 1 through 25, Defendants. | |

**PROOF OF SERVICE VIA CM/ECF AND U.S MAIL OF STANDING ORDERS FOR THE HONORABLE CHARLES R. BREYER**
**CASE NO. C 08-2249 CRB**
Z:\STULL\KLA2\PLD\CRB Standing Order PoS.wpd

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )ss.:
COUNTY OF LOS ANGELES  )

I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 10940 Wilshire Boulevard, Suite 2300, Los Angeles, CA  90024.

I hereby certify that on June 25, 2008, I caused the following documents:**[JUNE 30, 2004] STANDING ORDERS FOR THE HONORABLE CHARLES R. BREYER; [JUNE 22, 2004 BLANK] ORDER SETTING CASE MANAGEMENT CONFERENCE** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

John H. Hemann
Joseph E. Floren
Thomas R. Green
Matthew S. Weiler
jhemann@morganlewis.com
jfloren@morganlewis.com
tgreen@morganlewis.com
mweiler@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market Street, Spear Street Tower
San Francisco, CA 94105
Tel:   (415) 442-1000
Fax:   (415) 442-1001

**Counsel for Defendant KLA-Tencor Corporation**

I further certify that I served the document(s) described above by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

I served the above document(s) as follows:

BY MAIL.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 25, 2008, at Los Angeles, California 90024.

| MELANIE JACOBS | /s/ |
|---|---|
| Type or Print Name | Signature |

**PROOF OF SERVICE VIA CM/ECF AND U.S MAIL OF STANDING ORDERS FOR THE HONORABLE CHARLES R. BREYER**
**CASE NO. C 08-2249 CRB**
Z:\STULL\KLA2\PLD\CRB Standing Order PoS.wpd

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | Jules Brody |
| | Aaron L. Brody |
| 3 | STULL, STULL & BRODY |
| | 6 East 45th Street |
| 4 | New York, NY 10017 |
| | Tel:    (212) 687-7230 |
| 5 | Fax:   (212) 490-2022 |
| | **(Via U.S. Mail)** |
| 6 | |
| | Joseph H. Weiss |
| 7 | WEISS & LURIE |
| | 551 Fifth Avenue |
| 8 | Suite 1600 |
| | New York, NY 10176 |
| 9 | Tel:    (212) 682-3025 |
| | Fax:   (212) 682-3010 |
| 10 | **(Via U.S. Mail)** |
| 11 | **Counsel for Plaintiff** |

**PROOF OF SERVICE VIA CM/ECF AND U.S MAIL OF STANDING ORDERS FOR THE HONORABLE CHARLES R. BREYER**
**CASE NO. C 08-2249 CRB**
Z:\STULL\KLA2\PLD\CRB Standing Order PoS.wpd

2

## STANDING ORDERS

1. Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2. Scheduling Days:
a. Criminal Law and Motion Calendar is conducted on Wednesdays at **2:15 p.m. ORDER OF CALL IS DETERMINED BY THE COURT.**
b. Civil Law and Motion Calendar is conducted on Fridays at **10:00 a.m. ORDER OF CALL IS DETERMINED BY THE COURT.**
c. Case Management Conferences are conducted on Fridays at **8:30 a.m. ORDER OF CALL IS DETERMINED BY THE COURT.**
d. Pretrial conferences are generally conducted at **2:30 p.m.** on days determined by the Court.
e. Counsel need not reserve a hearing date for motions, however, counsel are advised to check the legal papers for unavailable dates. Noticed dates may be reset as the Court's calendar requires.

3. Motions to compel discovery are referred to a Magistrate Judge for assignment and shall be noticed for hearing before the assigned Magistrate Judge.

4. No changes in the Court's schedule shall be made *except by signed order of the Court and only upon a showing of good cause.* Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an *ex parte* application in writing.

5. Briefs or Memoranda of Points and Authorities in support of, or in opposition to, any motions filed in this action must be typed on 28-line, double-spaced pleading paper and, except for summary judgment motions, may not exceed **FIFTEEN** (15) pages in length, exclusive of title pages, indexes of cases, table of contents, exhibits, affidavits, and summaries of argument, if required. Briefs exceeding ten (10) pages in length must contain an **additional** summary of argument, including reference to any important cases cited. Summary judgment memoranda may not exceed 25 pages. Counsel shall submit a proposed form of order with all motion and opposition papers.

6. Counsel in civil matters shall comply with the Court's Guidelines for trial and pre-trial conference.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES TO THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF RULES 4 AND 5, FEDERAL RULES OF CIVIL PROCEDURE, AND TO FILE WITH THE CLERK OF THE COURT A CERTIFICATE REFLECTING SUCH SERVICE.

**IT IS SO ORDERED.**

Dated: June 30, 2004

CHARLES R. BREYER,
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. _____

### ORDER SETTING CASE MANAGEMENT CONFERENCE

The above matter having been assigned to Judge Charles R. Breyer,

**IT IS HEREBY ORDERED,** pursuant to Rule 16, Federal Rules of Civil Procedure, and Civil Local rule 16, that a case management conference will be held before Judge Charles R. Breyer on Friday, _____ at 8:30 a.m., in Courtroom 8, 19th floor, 450 Golden Gate Avenue, San Francisco, California.

Lead trial counsel shall meet and confer not less than thirty (30) days in advance of the conference and shall file a joint case management statement in the form contained in the Civil Local rules as supplemented by this order not less than ten (10) days in advance of the conference.

If the conference is inconveniently scheduled, it may be rescheduled by stipulation and order to another date or time convenient to the Court's calendar.

At the conclusion of the conference, an order will be entered setting dates either for a further case management conference, or for close of discovery, pre-trial conference, and trial. Other orders regulating and controlling future proceedings may be entered.

Plaintiff(s) shall serve copies of this order at once on all parties to this action, and on any parties subsequently joined, in accordance with Federal Rules of Civil Procedure 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

SUPPLEMENTAL TO INITIAL CASE MANAGEMENT STATEMENT

1. At the initial case management conference, the parties or at least one attorney of record for each party must appear in person. See FRCP 26(f) ; Civil LR 16-10(a).

2. The case management statement may not exceed ten pages. It should briefly describe the parties' controversy. <u>Any party seeking damages must set forth in the statement the amount sought and the basis for its calculation.</u>

3. If the case was removed from a state court, and the applicable state law has not required the parties to make an express demand for a jury trial at the time of removal, any party claiming right to a jury trial must make the request therefor within ten days after service of the notice of removal. FRCP 81 (c).

4. <u>NOTICE TO PRO SE LITIGANTS IN NON-PRISONER ACTIONS</u>:

If you are proceeding in this lawsuit without an attorney, then the following directives apply to you in the prosecution of your case.

The court hereby ORDERS you to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure as set forth below. Failure to follow the procedures set forth in this order may result, under Rule 4 (m), in dismissal of your case.

It is your responsibility to obtain a valid summons from the clerk and to effect service of the summons and complaint on all defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. If you have named the United States government, a federal agency, a federal official or a federal employee as a defendant, you must comply with the special requirements of Rule 4 (i).

Service may be effected by any person who is not a party and who is at least 18 years of age, which means that you, as a party, may <u>not</u> effect service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, your action will, under Rule 4 (m), be dismissed as to that defendant.

Within 125 days after the filing of the complaint, you must file proof of service indicating which defendants were served within the 120 days allowed under Rule 4 (m) and showing, in accordance with Rule 4 (l), how each of those defendants was served (for example, by attaching appropriate certificates of service). You must also show cause why a defendant not served within the 120 days allowed under Rule 4 (m) should not be dismissed without prejudice. Failure to do these things within the designated time will result in the dismissal of your case under Rule 4 (m) and Rule 41 (b).

5. NOTICE FOR AMERICANS WITH DISABILITIES ACT LITIGATION:

If this action seeks accommodation or other relief, including attorney fees, pursuant to Title III of the Americans with Disabilities Act, 42 USC § 12191-89, the court ORDERS, pursuant to FRCP 16, the following:

a. Each plaintiff shall, pursuant to FRCP 4 (m), forthwith complete service on any unserved defendant;

b. Discovery, except for initial disclosures required by FRCP 26 (a), and all other proceedings are until further order STAYED;

c. If not previously done, each plaintiff shall forthwith serve upon each defendant a demand for accommodation and statement of attorney fees incurred to date (42 USC § 12205; Hensly v Eckerhart, 461 US 424, 429-30, 433-37 (1983));

d. Each defendant shall, no later than the date for the conference of the parties specified above, serve a response to the demand for accommodation;

e. The joint case management statement shall contain, in addition to the information called for by FRCP 26 (f), the information set forth in paragraphs c and d.

3

1  Sanctions. **FAILURE TO COMPLY WITH THIS ORDER** may be deemed
2  sufficient grounds for dismissal of this cause, default or other appropriate sanctions. See Federal
3  Rules of Civil Procedure 16(f), 41 (b); Civ LR 1-4.

**IT IS SO ORDERED.**

Dated: June 22, 2004

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE