| | |
|---|---|
| 1 | Patrice L. Bishop (182256) |
|   | service@ssbla.com |
| 2 | STULL, STULL & BRODY |
|   | 10940 Wilshire Boulevard |
| 3 | Suite 2300 |
|   | Los Angeles, CA 90024 |
| 4 | Tel:   (310) 209-2468 |
|   | Fax:  (310) 209-2087 |
| 5 | |
|   | Jules Brody |
| 6 | Aaron L. Brody |
|   | SSBNY@aol.com |
| 7 | STULL, STULL & BRODY |
|   | 6 East 45th Street |
| 8 | New York, NY 10017 |
|   | Tel:   (212) 687-7230 |
| 9 | Fax:  (212) 490-2022 |
| 10 | Counsel for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS CRIMI, on Behalf of Himself and All Others Similarly Situated, | CASE NO. C 08-2249 CRB |
| Plaintiff, | **CLASS ACTION** |
| v. | **DECLARATION OF PATRICE L. BISHOP IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT KLA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** |
| EDWARD W. BARNHOLT, H. RAYMOND BINGHAM, ROBERT T. BOND, RICHARD J. ELKUS, JR., STEPHEN P. KAUFMAN, KENNETH LEVY, MICHAEL E. MARKS, DEAN O. MORTON, KENNETH L. SCHROEDER, JON D. TOMPKINS, RICHARD P. WALLACE, KLA-TENCOR CORPORATION, and DOES 1 through 25, | |
| Defendants. | DATE:  Sept. 12, 2008 |
| | TIME:  10:00 a.m. |
| | CTRM:  8, 19th Floor |
| | JUDGE:  Hon. Charles R. Breyer |

**DECLARATION OF PATRICE L. BISHOP IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS
CASE NO. C 08-2249 CRB**
Z:\STULL\KLA2\PLD\DismissOppSAC.Decl.wpd

1  I, Patrice L. Bishop, declare as follows:

2  1. I am an attorney with the law firm of Stull, Stull & Brody, counsel of record for
3  plaintiff Chris Crimi. I make this declaration in support of plaintiff's Opposition to Motion to
4  Dismiss. I have personal knowledge of the matters stated herein, and if called as a witness, I could
5  and would competently testify thereto.

6  2. Attached hereto as Exhibit 1 is a true and correct copy of this Court's Order Denying
7  Motion to Dismiss and Remanding issued in *Huang v. Reyes, et al.*, Case No. C07-5950 CRB,
8  Dockent No. 28 (N.D. Cal. Mar. 6, 2008).

9  I declare under penalty of perjury under the laws of the United States of America and the
10  State of California that the foregoing is true and correct.

11  Executed this 22nd day of August, 2008, at Los Angeles, California

13  /s/
   Patrice L. Bishop

1

**DECLARATION OF PATRICE L. BISHOP IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**
**CASE NO. C 08-2249 CRB**
Z:\STULL\KLA2\PLD\DismissOppSAC.Decl.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAI-NING HUANG, WAY-LING HWANG, FRANK PETRUNO and GORDON A. MCCAY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY L. REYES, ANTONIO CANOVA, NICHOLAS G. MOORE, DAVID L. HOUSE, SETH D. NIEMAN, CHRISTOPHER B. PAISLEY, NEIL DEMPSEY, BROCADE COMMUNICATIONS SYSTEMS, INC. and DOES 1 through 25,<br><br>Defendants.<br> | No. C 07-5950 CRB<br><br>**ORDER DENYING MOTION TO DISMISS AND REMANDING** |

  The matter before the Court stems from a class-action suit alleging a breach of fiduciary duty on the part of the defendants in their role as officers and employees of Brocade Communications Systems, Inc. Defendants have moved to dismiss the complaint under the Securities Litigation Uniform Standards Act, 15 U.S.C. §§ 77p, 78bb ("SLUSA"), arguing that the plaintiffs' class-action complaint cannot be maintained in state or federal court, as it is a private suit based on a state-law fraud claim. Plaintiffs respond that their claim falls into an exception to SLUSA's broad preclusion and thus the case should properly

1 be remanded to state court for adjudication. Because Plaintiff's complaint falls within the
2 ambit of an exception to SLUSA, Defendants' motion is DENIED and the action is
3 REMANDED to state court. The hearing scheduled for March 7, 2008 is VACATED.

### BACKGROUND

This case involves a civil class-action suit against several managers and employees of Brocade Communication Systems, Inc. ("Defendants") arising from the back-dating of employee stock options. In the initial complaint, a group of stockholders, purporting to represent a class of similarly situated individuals ("Plaintiffs"), alleged that this back-dating led Defendants to make false statements in the form of proxies, which misrepresented the actual value of the company to stockholders. *See* Plaintiffs' Complaint for Breaches of Fiduciary Duty ("complaint") at 7, 36. The plaintiffs claim that they then relied on these proxy statements when voting to increase the authorized number of shares of Brocade's common stock. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss at 8; Plaintiffs' Request for Judicial Notice in Support of Their Opposition to Defendants' Motion to Dismiss ("Plaintiffs' RJN") at Exhibits 1 and 2. Plaintiffs allege that this breach of fiduciary duty caused them harm. *See* Complaints at 36-37.

Plaintiffs originally filed a similar complaint in 2005 against defendants in federal court in an unsuccessful attempt to be named the lead plaintiffs in the federal class action. *See* Declaration of Angela L. Dunning in Support of Brocade's Motion to Dismiss, Exh. 3. Subsequently, Plaintiffs filed this suit in Santa Clara County Superior Court on October 23, 2007, based largely on the same set of facts as the initial federal complaint, but this time relying on state law.

Shortly after Plaintiffs filed this action, Defendants removed the suit to federal court and moved to dismiss it on the basis of federal preemption. *See* Defendants' Notice and Motion to Dismiss Complaint Pursuant to the Securities Litigation Uniform Standards Act ("Motion to Dismiss") at 3. Specifically, Defendants argue that SLUSA prevents the maintenance of this suit in either state or federal court. *See* id. at 1.

2

## STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court accepts the allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See* Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The Court may dismiss a claim only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986)).

## DISCUSSION

### A. Plaintiffs' Complaint is Within Class of Claims Precluded by SLUSA

As a threshold matter, the Court must determine whether or not the plaintiffs' claim falls under the ambit of SLUSA. Congress passed the Private Securities Reform Act in 1995 (codified as 15 U.S.C. § 77z-1) to raise the federal procedural and substantive requirements in private securities class-action suits so as to reduce abusive litigation, *see* Public Law No. 104-67, but many plaintiffs avoided these heightened requirements by filing their claims in state court. In response, Congress enacted SLUSA in 1998 as a way of preventing civil litigants from avoiding the heightened pleading requirements of federal court. *See* Merrill Lynch v. Dabit, 547 U.S. 71, 82 (2006); Falkowski v. Imation Corp., 309 F.3d 1123, 1128 (9th Cir. 2002); Gibson v. PS Group Holdings, 2000 WL 777818, at *2 (S.D. Cal. March 8, 2000). With few exceptions, SLUSA limits the maintenance of certain class-action suits in either state or federal court and requires that such suits be removed to federal court and dismissed. *See* 15 U.S.C. §§ 77p(c), 78bb(f)(2).

Both parties concede that the complaint falls within the covered actions precluded by SLUSA. Plaintiffs' action satisfies the four requirements of SLUSA because: (1) the complaint includes a request for damages and the alleged facts are common for all class members, *see* 15 U.S.C. §§ 77p(f)(2), 78bb(f)(5)(B); (2) the prayer for relief is based on a state common law claim of "breach of fiduciary duty"; (3) Plaintiffs claim that Defendants made material misrepresentations and omissions by not reporting the actual cost of back-dated stock options in published proxy statements; and (4) these alleged misrepresentations

3

were in connection with the sale or purchase of covered securities, as the granting of stock options involve the purchase or sale of a security under SLUSA and Brocade is a publicly traded company. *See* Falkowski, 309 F.3d at 1129-30 ("The grant of an employee stock option on a covered security is . . . a 'sale' of that covered security."); Defendant's Motion to Dismiss at 6. Because Plaintiffs' action falls within the category of actions SLUSA bars, the defendants' motion turns on whether some exception to SLUSA's broad reach applies.

### B. Plaintiffs' Claim is Valid as the "Delaware Carve-Out" Makes it Exempt from SLUSA

SLUSA contains two major exceptions to its general preclusion of securities class-action cases based on state law fraud claims. The one relevant to this case is generally referred to as the "Deleware carve-out" and it exempts class actions based on the statutory or common law of the security issuer's state of incorporation. *See* 15 U.S.C. §§ 77p(d), 78bb(f)(3); Pace v. Bidzos, 2007 WL 2908283, at *1 (N.D. Cal. Oct. 3, 2007).

The carve-out specifically preserves "Actions under [the] State law of [the] State of incorporation" so long as they meet one of two criterium. The action must involve either:

> (i) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
> (ii) any recommendation, position, or other communication with respect to the sale of securities of the issuer that –
> > (I) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
> > (II) concerns decisions of those equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. §§ 77p(d)(1), 78bb(f)(3)(A). A case properly falling into either prong of the carve-out "may be maintained in a State or Federal court . . . ." 15 U.S.C. §§ 77p(d)(1)(A), 78bb(f)(3)(A)(i).

Defendants argue that the carve-out does not apply to this case because plaintiffs did not bring this action in Brocade's state of incorporation (Delaware) and, alternatively, because the action does not meet either of the two prongs of the carve-out test. *See* Motion to Dismiss at 7. While Defendants make compelling use of legislative history, the plain text of the statute and recent federal district court opinions provide more persuasive authority. A

4

reading of SLUSA's plain text compels the conclusion that plaintiffs' claim was properly filed and accurately falls into the exception granted under the carve-out's second prong.

1.  *Plaintiffs properly filed their claim in California state court*

Defendants claim that "the Delaware carve-out applies only to actions brought in the issuer's state of incorporation." Motion to Dismiss at 7. Defendants' position is unpersuasive because the plain text of the statute suggests no such limitation on venue.

When interpreting a statute, a court's primary starting point is the text of the statute itself. *See* Lamie v. United States Tr., 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." (internal quotations and citations omitted)). Moreover, a court should not look beyond the text of a statute to its legislative history unless there is some ambiguity in the statute's language. *See* Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 808 n.3 (1989) ("Legislative history is irrelevant to the interpretation of an unambiguous statute.").

To support their position that a complaint must be filed in the state of incorporation, Defendants cite two federal district court cases that state a similar proposition, albeit outside the holding of either case. *See* Drulias v. ADE Corp., 2006 WL 1766502, at *2 (D. Mass. June 26, 2006); In re WorldCom. Inc. Sec. Litig., 2003 WL 716243, at *15 n.31 (S.D.N.Y. Mar. 3, 2003). What Defendants fail to acknowledge is that the plain language of SLUSA contains no such restriction on the proper venue wherein an action can be brought.

In the context of SLUSA and the Delaware carve-out, the lack of any language limiting the proper venue for a claim suggests that no such limitation exists. *See* Pace, 2007 WL 2908283, at *2. Though legislative history may, as Defendants suggest, counsel for a limitation on venue, the plain text of the SLUSA statute is not ambiguous and does not provide for such a constraint. Thus, it is improper for the Court to seek guidance from legislative history. *See* Gibson, 2000 WL 777818, at *5 (In the context of the Delaware carve-out, "federal courts have no authority to 'give[] authoritative weight to a single passage

5

of legislative history that is in no way anchored in the text of the statute.'" (citing <u>Shannon v. United States</u>, 512 U.S. 573, 583 (1994)).

In a class-action suit, filed in California state court and involving a Delaware corporation and Delaware state law, a federal court in the Southern District of California rejected the argument that the Delaware carve-out requires claims to be filed in the defendants' state of incorporation. *See* <u>Gibson</u>, 2000 WL 777818. The <u>Gibson</u> court specifically found that unless the language of a statute is ambiguous, federal courts have no authority to rely on legislative history. <u>Id</u>. at *5. The court held that "[n]othing in [the language of the Delaware carve-out provision] suggests that Congress intended to restrict the venue of preserved class actions to the issuer's state of incorporation." <u>Id</u>. at *6. Moreover, the court saw no reason to give "dispositive effect to the . . . snippets of legislative history identified by Defendants." <u>Id</u>. Accordingly, the court remanded the case to state superior court. <u>Id</u>.

SLUSA states that "a covered class action . . . that is based upon the statutory or common law of the State in which the issuer is incorporated . . . may be maintained in a State or Federal court by a private party." 15 U.S.C. §§ 77p(d)(1), 78bb(f)(3)(A). As the court in <u>Gibson</u> found, this language in no way suggests that a covered action must be filed in a <u>particular</u> venue. Moreover, given the ample legislative history cited by defendants, it is clear that Congress recognized the possibility of a specific venue provision, but chose not to include such a limitation in the statute. *See* Motion to Dismiss at 7-9. Instead of a limitation, the statute opens up the possibility that such actions can be brought in multiple courts, either "a State or Federal court" and does not limit the plaintiffs to courts within the state of incorporation.

Most compellingly, SLUSA is fundamentally a law about venue; that is, Congress created SLUSA expressly for the purpose of limiting the venue in which certain actions can be brought. *See* <u>Dabit</u>, 546 U.S. at 87. To put it mildly, it would have been exceedingly odd for Congress – in drafting a venue statute – to neglect to include a provision limiting suits to courts in the state of incorporation. Defendants' argument cannot be reconciled with

6

SLUSA's plain text. The Court thus concludes that plaintiffs properly filed their action in California state court.

2.   *Plaintiffs' claim is preserved under SLUSA's exceptions (§§ 77p(d)(1), 78bb(f)(3)(A))*

The defendants additionally suggest that Plaintiffs' claim does not meet either of the two prongs of the Delaware carve-out. There is little question that the plaintiffs' claim <u>does not</u> meet the criteria of the first prong – requiring that the action be based on the purchase or sale of securities by the issuer exclusively to or from existing holders of the securities – but the Court need not reach that issue here because the claim <u>does</u> satisfy the second prong of the carve-out.

To meet the second prong of the Delaware carve-out, an action must (1) involve a communication regarding the sale of securities of the issuer that is both (2) made by or on behalf of the issuer and (3) concerns decisions of those stockholders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights. *See* 15 U.S.C. §§ 77p(d)(1)(B), 78bb(f)(3)(A)(ii). The meaning of this third and final requirement is the core dispute between the parties. *See* 15 U.S.C. §§ 77p(d)(1)(B)(ii)(II), 78bb(f)(3)(A)(ii)(II)(bb).

Defendants argue that the third condition is only met when shareholders vote on "extraordinary corporate transactions" such as mergers or exchange offers. Motion to Dismiss at 11. According to Defendants, the only situation in which each condition is met – that is, the only situation where shareholders receive a communication that concerns voting securities, acting in response to a tender offer <u>and</u> exercising dissenters' rights – is in the context of "major, transformative corporate transactions." *See* <u>id</u>.

But to state Defendants' position is to demonstrate its fallacy. Defendants' argument is premised on the notion that <u>each</u> and <u>every</u> one of the three conditions be met. Of course, the carve-out is phrased in the disjunctive; it applies when the communication concerns decisions with respect to: (a) voting securities; <u>or</u> (b) acting in response to a tender offer; <u>or</u>

7

(c) exercising dissenters rights. It is not necessary that each of the conditions be met, merely that one condition is satisfied, as is the case here.[1]

Defendants identify cases in which the carve-out applied because the transaction at issue involved mergers or buy-out programs. But these cases merely demonstrate that the carve-out can apply to extraordinary corporate transactions; they do not stand for the proposition that the carve-out cannot apply in other contexts. Indeed, the case law conclusively demonstrates that the carve-out does apply where, as here, the corporation issues proxy statements requesting that shareholders vote to issue more shares for the purpose of granting stock options. *See* City of Ann Arbor Employees' Retirement Sys. v. Gecht, 2007 WL 760568, at *3-*7 (N.D. Cal., March 9, 2007); *see also* Pace, 2007 WL 2908283, at *2; Indiana Elec. Workers Pension Trust Fund v. Millard, 2007 WL 2141697, at *5-*8 (S.D.N.Y., July 25, 2007).

In Gecht, the court held that the Delaware carve-out applied to a class-action suit, filed in state court and based on state law, even though the plaintiffs' claim was based on misstatements or omissions made in proxy statements. *See* Gecht, 2007 WL 760568. In Gecht, the plaintiffs claimed that defendants' failure to disclose a practice of options back-dating in their proxy statements breached their fiduciary duty. *See* id. at *1. In parsing the language of the carve-out's second prong, §§ 77p(d)(1)(B)(ii), 78bb(f)(3)(ii)(II), the court highlighted the use of "or" in the statute to "negate [defendants'] narrow interpretation of the carve-out"– specifically that it only referred to "mergers or acquisitions." Id. at *3 (quotations and citations omitted). While the court ultimately did not remand the case (because defendants proved diversity jurisdiction), it found that the Delaware carve-out did apply to misstatements made in proxy statements as a result of options back-dating. Id. at *7-*9.

---

[1] Defendants' brief is somewhat ambiguous, and might sympathetically be read to mean that none of the three conditions are met except in the context of a transformative corporate transaction. But that position too would clearly be erroneous. Plaintiffs have identified a proxy statement requesting that shareholders vote on "amend[ing] the Company's Certificate of Incorporation to increase the authorized number of shares of Common Stock . . . ." *See* Plaintiffs' Request at Exhibit 1. There can be no doubt that this proxy satisfies the "voting" requirement laid out in Delaware carve-out.

8

In Pace, the court addressed an options back-dating case in which the plaintiffs sought to bring a class-action suit in state court against the defendant company and its managers based on a breach of the duty to disclose. 2007 WL 2908283, at *1. There, the court held that proxy statements "urging shareholders to vote on an increase in the number of shares available for options" constituted a sufficient communication regarding a "sale of securities" to trigger the carve-out's exceptions. Id. at *2. Likewise, in Millard, the court found that proxy statements in an options back-dating case satisfied the requirements of the second prong of the Delaware carve-out and thus remanded the class-action suit to state court. 2007 WL 2141697, at *5-9.

In a last-ditch effort, Defendants rely on excerpts of the legislative history of SLUSA that suggest that the Delaware carve-out was meant to preserve actions challenging "extraordinary corporate transactions." Motion to Dismiss at 11-12. For the same reasons provided supra, Defendants' reliance on legislative history is misplaced because the text of the carve-out is unambiguous.

The instant case is analogous to Gecht, Pace and Millard and thus warrants a similar outcome. Brocade requested in proxy statements that its shareholders vote to increase the amount of common stock issued in order to, inter alia, free up additional stock for employee options.[2] See Plaintiffs' RJN Exh. 1 at 11; Exh. 2 at 13. Those statements constituted communications with respect to the sale of securities concerning decisions of Brocade stockholders with respect to voting their securities. Defendants press the point that these same plaintiffs already failed to be named lead plaintiffs in the federal class-action case and should pursue their state law claims in the context of that litigation and not side-step the

---

[2] Defendants argue that unlike the plaintiffs in Gecht and Pace, Brocade stockholders were asked to vote in favor of issuing more common stock, not to issue stock for the sole purpose of granting employee stock options, and thus were not voting on the "sale of securities." *See* Reply at 9-10. But the proxy statements at issue clearly stated that the additional common shares could be used for granting stock options. Thus, like the shareholders in Gecht and Pace, Brocade shareholders could not accurately discern the value of issuing increased shares without knowledge of how the stock option program actually operated. More importantly, regardless of whether the Brocade shares would be used for stock options or for other purposes, such as raising capital or making acquisitions, it would seem – at least to the Court – that Brocade's shareholders were being asked to vote on, and approve, a "sale of securities." *See* Plaintiffs' RJN Exh. 1 at 11; Exh. 2 at 13.

9

federal courts by filing in state court. *See* Reply in Support of Brocade's Motion to Dismiss Complaint at 2-3. Defendants' position may correctly state part of the rationale behind the passage of SLUSA, but the "defendants cannot escape the plain language of [that statute]," nor the growing precedent that supports the Court's conclusion that this type of claim fits into the Delaware carve-out. Millard, 2007 WL 2141697, at *8.

Because Plaintiffs' complaint relies upon a "covered class action" as described in 15 U.S.C. §§ 77p(d)(1)(B), 78bb(f)(3)(A)(ii), and is thus exempt from SLUSA's preclusive scope, Defendants' motion to dismiss is DENIED and the action is REMANDED to state court.

**IT IS SO ORDERED.**

Dated: March 6, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE