JOHN H. HEMANN (SBN: 165823)
JOSEPH E. FLOREN (SBN 168292)
THOMAS R. GREEN (SBN: 203480))
MATTHEW S. WEILER (SBN 236052)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail:  jhemann@morganlewis.com
         jfloren@morganlewis.com
         tgreen@morganlewis.com
         mweiler@morganlewis.com

Attorneys for Defendant KLA-Tencor Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS CRIMI, on Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>            vs.<br><br>EDWARD W. BARNHOLT, H. RAYMOND BINGHAM, ROBERT T. BOND, RICHARD J. ELKUS, JR., STEPHEN P. KAUFMAN, KENNETH LEVY, MICHAEL E. MARKS, DEAN O. MORTON, KENNETH L. SCHROEDER, JON D. TOMPKINS, RICHARD P. WALLACE, KLA-TENCOR CORPORATION, and DOES 1 through 25,<br><br>                    Defendants. | Case No. CV-08-2249 CRB<br><br>**OPPOSITION TO MOTION TO REMAND**<br><br>Date:   September 12, 2008<br>Time:   10 A.M.<br>Dept:   Courtroom 8<br><br>Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND .........................................................2

III. ARGUMENT ........................................................................................................................3

   A. KLA PROPERLY REMOVED PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER SLUSA ...................................................................................3

      1. The Supreme Court Has Recognized and Endorsed the Broad Reach of SLUSA Intended By Congress .....................................................................3

      2. Plaintiff Seeks Remand, But Does Not Dispute That His First Amended Complaint Is Subject to SLUSA. ...............................................4

   B. THIS COURT SHOULD NOT REACH CONSIDERATION OF THE DELAWARE CARVE OUT. ................................................................................5

      1. Plaintiff's SAC Should Be Dismissed with Prejudice Before Even Considering Plaintiff's Motion to Remand. ...............................................5

      2. With Remand Determined by the Operative Complaint at the Time of Removal, Plaintiff Effectively Conceded Removal and Dismissal Was Proper By Seeking Leave to Amend His First Amended Complaint .......................................................................................................5

   C. THE DELAWARE "CARVE OUT" DOES NOT WARRANT OR REQUIRE REMAND. ...........................................................................................6

      1. Plaintiff's Removed First Amended Complaint and Current Second Amended Complaint are Based on California Law and Fall Outside the Delaware Carve Out. ...............................................................................7

      2. Plaintiff Has Fashioned His Complaint As a Direct Class Action and His Improper Derivative Allegations Cannot Save His Covered Class Action From Dismissal Under SLUSA ...........................................7

      3. The Delaware Carve Out Cannot Save Plaintiff's Complaint Because Plaintiff's Voting Allegations Cannot Be "Maintained" in State Court .................................................................................................10

      4. Plaintiff's Holder Allegations Do Not Fit Into the Delaware Carve Out ...................................................................................................11

IV. CONCLUSION ...................................................................................................................14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20709688.6     i     CV-08-2249 CRB

KLA'S OPPOSITION TO MOTION TO REMAND

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Allstate Ins. Co. v. Mel Rapton, Inc.*,
  77 Cal. App. 4th 901 (2000) ............................................................................................. 12

*Behlen v. Merrill Lynch*,
  311 F.3d 1087 (11th Cir. 2002) ....................................................................................... 5, 6

*Bradley v. First Interstate Bancorp*,
  748 A.2d 913 (Del. 2000) .................................................................................................. 2

*City of Ann Arbor Employees' Retirement Sys. v. Gecht*,
  2007 WL 760568 (N.D. Cal. 2007) .............................................................................. 13, 14

*Duncan v. Stuetzle*,
  76 F.3d 1480 (9th Cir. 1996) ............................................................................................. 4

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ............................................................................................. 4

*Gentile v. Rossette*,
  906 A.2d 91 (Del. 2006) .................................................................................................... 5

*Huang v. Reyes*,
  2008 WL 648519 (N.D. Cal 2008) ................................................................... 10, 11, 12, 13

*In re Lord Abbett Mutual Funds Fee Litig.*,
  463 F. Supp. 2d 505 (D.N.J. 2006) ............................................................................ 6, 9, 10

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ............................................................................... 4

*LaSala v. Bordier et Cie*,
  519 F.3d 121 (3rd Cir. 2008) ........................................................................................... 8, 9

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*,
  547 U.S. 71 (2006) ..................................................................................................... passim

*Pace v. Bidzos*,
  2007 WL 2908283 (N.D. Cal. Oct. 3, 2007) ................................................................ 13, 14

*Sonofia v. Principal Life Ins. Co.*,
  378 F. Supp. 2d 1124 (S.D. Iowa 2005) .......................................................................... 11

*Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
  159 F.3d 1209 (9th Cir.1998) ............................................................................................. 6

*Superior Partners v. Chang*,
  41 F.Supp.2d 750 (S.D. Tex. 2007) ................................................................................ 13

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/20709688.6                              ii                                CV-08-2249 CRB
                          KLA'S OPPOSITION TO MOTION TO REMAND

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Tracfone Wireless, Inc. v. County of Los Angeles*,
  163 Cal.App.4th 1359 (2008) ................................................................................................ 12

**Statutes**

15 U.S.C.
  § 77p(c) ..................................................................................................................................... 4
  § 78bb ................................................................................................................................... 1, 7
  § 78bb(f)(1) .............................................................................................................................. 4
  § 78bb(f)(2) .............................................................................................................................. 4
  § 78bb(f)(3)(A) ........................................................................................................................ 8
  § 78bb(f)(3)(A)(ii) ............................................................................................................. 8, 11
  § 78bb(f)(3)(D) ...................................................................................................................... 10

15 U.S.C.
  § 80a-1 *et seq*.
  (Investment Company Act of 1940)
  §§ 36(b) and 48(a) ............................................................................................................. 9, 10

California Corporations Code
  § 1507 ............................................................................................................................. 2, 6, 7

Private Securities Litigation Reform Act of 1995
  ("PSLRA") ............................................................................................................................... 3

Securities Litigation Uniform Standards Act of 1998
  ("SLUSA") ....................................................................................................................... passim

**Other Authorities**

H.R. Conf. Rep. No. 105-803 (1998) ............................................................................................ 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20709688.6                                iii                                CV-08-2249 CRB
KLA'S OPPOSITION TO MOTION TO REMAND

## I. INTRODUCTION

Plaintiff's First Amended Complaint ("FAC"), the operative complaint for purposes of Plaintiff's motion to remand, sought to recover damages from KLA-Tencor Corporation ("KLA") for his and similarly-situated shareholders' decision to "hold[] their shares of KLA-Tencor stock." FAC ¶¶ 77 and 83. Specifically, the FAC asserted causes of action for violation of California Corporations Code § 1507 and breach of fiduciary duty under California and Delaware law, with each cause of action alleging that officers and directors of KLA participated in making false financial statements and in disseminating false proxy statements that caused Plaintiff to suffer money damages as a result of his decision to hold, rather than sell, his shares. *Id.*, Prayer for Relief ¶ 3.[1] In short, Plaintiff asserts a class action seeking compensatory damages "in connection with the purchase and sale" of KLA securities without meeting the pleading standards (or even pleading violations) of federal securities law. This is exactly the scenario that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb, was intended to forestall.

Plaintiff's motion paints a distorted picture of this case and the relevant case law. He ignores his causes of action seeking money damages for holding shares of KLA stock and neglects to inform this Court that the "voting" allegations he trumpets as his justification for remand were dismissed as improper derivative claims by the state court. Plaintiff uses the already rejected voting claims as a Trojan horse, arguing that the mere existence of these allegations immunizes his action as a whole from SLUSA, no matter how obviously preempted and subject to mandatory dismissal are the holder claims he alleges. Presumably, Plaintiff's argument would allow any party to assert state law securities fraud claims on a class action basis in state court without regard for SLUSA, merely by the artifice of appending to the complaint a cause of action alleged to be within an exception to SLUSA's mandatory removal and dismissal provisions.

---

[1] Plaintiff sought leave to file a Second Amended Complaint in response to KLA's initial motion to dismiss in this Court. Though KLA stipulated to permit Plaintiff to amend, remand is determined based on the operative complaint at the time of removal, in this case, the FAC. The SAC is all but identical to the FAC, except that Plaintiff has abandoned his California statutory cause of action.

1  Worse, Plaintiff asks this Court to sanction his gamesmanship and reward his inclusion of non-
2  viable voting claims by remanding the "covered class action" back to state court on the back of
3  the voting claims. The state court has already found that his voting allegations are derivative and
4  have no place in a class action lawsuit seeking direct relief. This Court should reach the same
5  result and strip his lawsuit down to the class action allegations subject to dismissal under SLUSA.

6  **II.   FACTUAL AND PROCEDURAL BACKGROUND** [2]

7  Plaintiff's original complaint, filed in the Santa Clara County Superior Court, was
8  dismissed by Judge Komar on the ground that Plaintiff's causes of action for breach of fiduciary
9  duty and rescission, predicated on the same voting allegations still found in his SAC, could not be
10 maintained as a direct action. Judge Komar agreed with KLA's arguments that claims alleging
11 interference with voting rights are derivative unless a plaintiff alleges a harm that is unique to
12 plaintiff as a shareholder, rather than a harm that impacts all shareholders on an equal basis.

13 Though Plaintiff amended his complaint, he failed to address Judge Komar's ruling.
14 Instead of pleading derivative causes of action,[3] or replacing his derivative claims with direct
15 claims, Plaintiff merely added a direct fraud claims predicated on financial losses he purportedly
16 suffered by holding, rather than selling, his shares. Specifically, Plaintiff's First Amended
17 Complain ("FAC") added two features, each of which gave this Court jurisdiction and made the
18 action removable under SLUSA. First, Plaintiff added a fraud cause of action under California
19 Corporations Code § 1507. This cause of action alleged that KLA issued "material" "misleading
20 statements" that caused Plaintiff and other KLA shareholders to hold their shares rather than sell
21 them, which damaged plaintiff and the purported class. FAC ¶¶ 74-79. Second, Plaintiff split his
22 single breach of fiduciary duty claim into two duplicative claims, and added the same "holder"
23 damage allegations in support of his fiduciary duty causes of action.

---

[2] A more complete factual and procedural history of Plaintiff's allegations and prior litigation between the parties is set forth in KLA's Motion to Dismiss, filed on August 8, 2008, and is hereby adopted by reference.

[3] Plaintiff plainly chose not to plead derivative claims because he has admitted he no longer owns KLA stock and in doing so admits he lacks standing to maintain a derivative cause of action. *Bradley v. First Interstate Bancorp*, 748 A.2d 913 (Del. 2000) (Delaware law unequivocally requires a Plaintiff to be a current shareholder of a company in order to bring and maintain a derivative suit); SAC ¶ 6.

KLA moved to dismiss the FAC on the grounds that the holder claims were subject to mandatory dismissal under SLUSA, and the remaining claims were still derivative in nature and could not be alleged as direct claims. Apparently realizing that the California Corporations Code claim standing alone brought his FAC squarely within the realm of SLUSA, Plaintiff filed a motion for leave to amend, seeking to file a SAC which abandoned the California statutory fraud cause of action. The parties then stipulated to allow the amendment, and Plaintiff filed his SAC. Although the California Corporations Code fraud cause of action has now been withdrawn, presumably in a belated attempt to avoid federal jurisdiction, Plaintiff's "holder" claims in his fiduciary duty causes of action remain the crux of his complaint. Plaintiff now asks this court to effectively ignore the operative complain at the time of removal, as well as his alleged "holder" claims and remand the case back to the Superior Court—which has already held that Plaintiff cannot maintain his derivative voting allegations in a direct action. This court should reach the same conclusion, deny Plaintiff's Motion to Remand, and dismiss this case with prejudice.

## III. ARGUMENT

### A. KLA PROPERLY REMOVED PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER SLUSA.

#### 1. The Supreme Court Has Recognized and Endorsed the Broad Reach of SLUSA Intended By Congress.

Congress passed the Private Securities Litigation Reform Act of 1995 ("PSLRA") to raise the pleading standards for securities fraud suits. After the PSLRA, plaintiffs began evading the pleading standards of the new federal law by redirecting their class claims to state courts under state law. By 1998, Congress concluded that plaintiffs were "circumvent[ing] the [Reform] Act's provisions … by filing frivolous and speculative lawsuits in State court, where essentially none of the Reform Act's procedural or substantive protections against abusive suits are available." H.R. Conf. Rep. No. 105-803, at 14-15 (1998). Congress subsequently enacted SLUSA in 1998 to "stem this 'shif[t] from Federal to State courts' and 'prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of' the Reform Act." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 82 (2006) (citations omitted). With two narrow exceptions, SLUSA limits the maintenance of certain state law based class

action suits in either state or federal court and requires that such suits be removed to federal court and dismissed. *See* 15 U.S.C. §§ 77p(c), 78bb(f)(2). Recognizing Congress' effort to preclude state law securities class actions, the Supreme Court recently held that SLUSA should be given broad construction by federal courts, in favor of removal and dismissal of class actions that could be brought as federal securities claims. *Dabit*, 547 U.S. at 86 (holding that a "narrow reading would undercut the effectiveness of the 1995 Reform Act and thus run contrary to SLUSA's stated purpose"). Thus, the "narrow" interpretation of removal statutes urged by Plaintiff in his Motion to Remand has no application to this matter—the authority plaintiff relies upon does not concern removal or remand under SLUSA. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). SLUSA in fact requires a broader construction of removal jurisdiction that does 28 U.S.C. § 1441, which does not apply here.

**2.   Plaintiff Seeks Remand, But Does Not Dispute That His First Amended Complaint Is Subject to SLUSA.**

SLUSA requires removal and dismissal of any (1) "covered class action," (2) based on statutory or common law of any state, (3) alleging a misrepresentation or omission of a material act, or an act of deception, (4) "in connection with the purchase or sale of a covered security." *Dabit*, 547 U.S. at 82-83 & n.7 (quoting 15 U.S.C. § 78bb(f)(1)); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 997 (C.D. Cal. 2002) (denying motion to remand and granting motion to dismiss).

Plaintiff does not argue that his claims fall outside the ambit of SLUSA, nor could he, as each of his claims alleges that he held onto his shares of KLA stock to his financial detriment because of material misrepresentations by defendants. Moreover, Plaintiff wholly ignores the presence of the holder claims in his complaint. Rather than address whether his holder claims were properly removed, Plaintiff effectively concedes that SLUSA governs his claims, and argues that the "Delaware carve-out," as applied to the Delaware law portion of his purported "voting rights" claims (which the California Superior Court already rejected on demurrer before this case became removable) requires remand under SLUSA. Motion to Remand at 8-11. As such, this Court need only address whether plaintiff has successfully pled the elements of one of the narrow

carve out exceptions under SLUSA, and it should only reach that issue after it has first considered and ruled upon KLA's pending motion to dismiss. For only Plaintiff's properly pled allegations should be considered in determining whether remand is required. It would be an inefficient and absurd result to order remand based on an allegation that has no proper place in the complaint in the first instance.

### B. THIS COURT SHOULD NOT REACH CONSIDERATION OF THE DELAWARE CARVE OUT.

#### 1. Plaintiff's SAC Should Be Dismissed with Prejudice Before Even Considering Plaintiff's Motion to Remand.

Plaintiff boldly argues that the mere continued presence in the SAC of his voting claims, already rejected by Judge Komar, and subject to a pending motion to dismiss, should suffice to warrant remand back to state court. Plaintiff's gambit is a bit of a Catch-22 scheme in reverse.[4] He pled holder claims in the FAC to try to dress up the derivative allegations in his original complaint as direct claims. Now he claims that his derivative allegations, which he still has not pled properly as derivative claims, serve to preserve his direct holder claims that are plainly barred by SLUSA. Only after the operative complaint is boiled down to the properly pled allegations should the Court consider whether Plaintiff has demonstrated that his claims fall under SLUSA's enumerated exceptions.

#### 2. With Remand Determined by the Operative Complaint at the Time of Removal, Plaintiff Effectively Conceded Removal and Dismissal Was Proper By Seeking Leave to Amend His First Amended Complaint.

Remand is determined by the operative complaint at the time of removal. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1096 (11th Cir. 2002) ("the district court had federal question jurisdiction over Behlen's original complaint, because the claims therein were preempted by the SLUSA"); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th

---

[4] The derivative nature of Plaintiff's voting allegations is more fully established in KLA's Motion to Dismiss, which is hereby incorporated by reference. In short, under Delaware law, voting allegations like the ones brought by Plaintiff can **only** be maintained as a derivative cause of action. *Gentile v. Rossette*, 906 A.2d 91, 99-100 (Del. 2006) (harm that impacts all shareholders equally is derivative under Delaware law).

Cir.1998) (subject matter jurisdiction is generally determined by looking at the facts pled in the complaint operative at the time the notice of removal was filed). As such, this Court should consider all of Plaintiff's allegations and claims in the removed FAC in assessing whether remand is warranted. By affirmatively seeking leave to amend, and then dropping his California Corporations Code Section 1507 cause of action, which falls squarely under SLUSA, Plaintiff has effectively conceded his California statutory claim created removal jurisdiction and precluded remand.[5]

*Behlan* is instructive. In that case, plaintiffs amended their complaint to delete their fraud allegations, and all other claims that were preempted by SLUSA. The District Court denied plaintiffs' motion to remand, and dismissed the action, relying on the original complaint. The Eleventh Circuit affirmed the District Court's determination that it had subject matter jurisdiction at the time of removal, and held that subsequent acts could not divest the federal court of jurisdiction. *Id*. The same result should obtain here.

### C. THE DELAWARE "CARVE OUT" DOES NOT WARRANT OR REQUIRE REMAND.

Though the Court should consider the FAC in determining whether remand is proper, Plaintiff's allegations in the SAC are also unworthy of remand pursuant to the "Delaware carve out." As an initial matter, the Delaware carve out applies only where an action is based on the law of a corporate defendant's state of incorporation—in KLA's case, Delaware law. While Plaintiff's *California* Corporations Code cause of action plainly fails this test, so do his remaining fiduciary duty claims, each of which is also expressly based on California law, in addition to Delaware law. Second, remand may be warranted only when the covered class action involves specific allegations that fall into at least one of the carve out exceptions outlined in SLUSA. Here, Plaintiff's voting allegations are derivative in nature and thus cannot be part of the covered class action that Plaintiff pled in his FAC and SAC. But even if the derivative allegations did

---

[5] As discussed further below, preclusion of one claim under SLUSA requires dismissal of the entire complaint. *In re Lord Abbett Mutual Funds Fee Litig.*, 463 F. Supp. 2d 505, 514 (D. N.J. 2006)

somehow comprise the covered class action removed from state court, SLUSA requires this Court to assess whether or not Plaintiff's operative complaint "may be maintained" in state court. As demonstrated in KLA's motion to dismiss, and buttressed by the fact that Judge Komar has already ruled that Plaintiff's voting allegations are derivative and subject to dismissal, Plaintiff cannot establish an ability to maintain his action in state court.

    **1.    Plaintiff's Removed First Amended Complaint and Current Second Amended Complaint are Based on California Law and Fall Outside the Delaware Carve Out.**

Plaintiff's reliance on the Delaware carve-out is a non-starter here, because all of Plaintiff's claims are pled under California law. The fist requirement for the carve out is that the Plaintiff's claims arise under the state of KLA's incorporation, which is Delaware. 15 U.S.C. § 78bb(f)(3)(A)(i). Plaintiff's FAC included a claim for violation of California Corporations Code § 1507, a claim Plaintiff has plainly omitted from his SAC because it is based exclusively on California law and therefore it cannot be subject to the carve out.

Counts I and II of the SAC allege that "Defendants have violated fiduciary duties owed to the shareholders of KLA-Tencor under Delaware and California law as they have acted unreasonably and/or put their personal interests ahead of the interests of plaintiff and other members of the class." *Id.* at ¶¶ 79, 84 (repeating and re-alleging "each allegation set forth herein"). As all of Plaintiff's claims arise under California law, the action is not based on the law of the state of KLA's incorporation. For this reason alone, Plaintiff's Motion to Remand should be denied.

    **2.    Plaintiff Has Fashioned His Complaint As a Direct Class Action and His Improper Derivative Allegations Cannot Save His Covered Class Action From Dismissal Under SLUSA.**

Plaintiff does not dispute that his holder claims comprise a "covered class action" subject to removal and dismissal under SLUSA. Instead he argues that his derivative voting allegations fall into the Delaware carve out and save his entire lawsuit from dismissal under SLUSA, merely because the SAC repeats the voting rights allegations that Judge Komar rejected in the original complaint. The problem with Plaintiff's argument is he is relying on derivative allegations that are neither subject to SLUSA nor part of the allegations that comprise the covered class action

pled. As such, he cannot rely on his improper derivative claims to save his class action.

The Delaware carve out upon which Plaintiff relies states: "A covered class action is described in this clause if <u>it</u> involves" certain elements enumerated by 15 U.S.C. § 78bb(f)(3)(A)(ii)(emphasis added). Neither Plaintiff's FAC nor his SAC can meet the standards of the carve out because the portions of the complaint that make it a "covered class action," the holder claims, do not "involve" any allegations that fit the exceptions outlined in the carve out. Again, the only allegations Plaintiff trumpets as being subject to the carve out are his derivative voting allegations, which have no place in the class action in the first instance. The voting allegations are not a "covered class action" at all and are therefore irrelevant to this Court's determination of whether or not Plaintiff has pled a covered class action described in 15 U.S.C. § 78bb(f)(3)(A).

SLUSA was enacted to deny plaintiffs the ability to maintain any state law claims seeking damages related to the "purchase or sale" of securities on a class basis. *Dabit*, 547 U.S. at 83. It gives special treatment to derivative claims; they are not intended to be preempted by SLUSA, and are specifically protected if they are pled as separate actions. Here, however, Plaintiff is attempting to dress his derivative claims up as a "covered class action," and seeks the protection of the carve out, which saves a narrow subset of ***class claims*** that meet certain criteria. As Plaintiff's voting claims are derivative, they are not entitled to the protection of the carve out. At a minimum, this court should first analyze whether plaintiff's voting allegations state a direct or derivative claim, and consider the consequences of that determination, including whether Plaintiff has (and can) properly pled a derivative claim, prior to determining whether the carve out applies.

The Third Circuit, in *LaSala v. Bordier et Cie*, 519 F.3d 121, 135 (3rd Cir. 2008), confirmed that derivative claims do not constitute a "covered class action" under SLUSA. That court held that "a corporation's claims, do not take the form of a 'covered class action,' irrespective of whether the claims are asserted by the corporation directly, its <u>shareholders derivatively</u>, its bankruptcy estate, its bankruptcy estate's assignee, or its successor." *Id*. at 137 (emphasis added). *LaSala* offers additional significance in that the Third Circuit performed an analysis of whether a claim was derivative or direct—i.e., whether it was within a "covered class

action"—*before* it resolved the preemption question posed by SLUSA. *Id.* at 132 ("To be clear, we have not yet answered the question whether SLUSA preempts counts I and II. That is a different question, and one that arises subsequent to clarifying what claims these counts have alleged."). Accordingly, this Court must analyze Plaintiff's voting claims under Delaware law to determine whether they amount to a direct claim at all before proceeding with analysis of whether the voting claims are saved by the carve out.

None of the cases upon which Plaintiff relies in support of his motion address whether or not derivative allegations can save a "covered class action" from dismissal under SLUSA. The closest case to considering this issue is a district court case from New Jersey, *In re Lord Abbett Mutual Funds Fee Litig.*, 463 F. Supp. 2d 505, 510, 515 (D. N.J. 2006). Though *Lord Abbett* did not expressly address whether or not derivative claims could fall within the carve out, it did consider whether or not derivative claims should be dismissed with prejudice along with other covered class action claims pled in the same complaint. Like the present case, plaintiff in *Lord Abbett* brought a multi-count complaint fashioned as a class action with some claims subject to dismissal under SLUSA and other claims subject to dismissal because they could only be pled as a derivative action. The district court initially dismissed the derivative claims as derivative and granted leave to amend to permit the plaintiff to replead the claims in a derivative action. *Id.* at 508. But defendants brought a motion for clarification and asked the court to reconsider whether or not the derivative claims should also be dismissed with prejudice because the plaintiff chose to assert the derivative claims in conjunction with a covered class action. The court agreed to reconsider the motion and sided with defendants, holding:

> Under the plain language of SLUSA, it is irrelevant whether Plaintiffs could only maintain their §§ 36(b) and 48(a) [of the Investment Company Act of 1940, 15 U.S.C. § 80a-1 *et seq*] claims derivatively. The fact is that Plaintiffs pled these claims as part of their Class Action Complaint. Therefore, dismissal of Counts Seven through Ten under SLUSA required dismissal of the entire class action, including Plaintiffs' §§ 36(b) and 48(a) claims.

*Id.* at 514.

The District Court took issue with plaintiff's attempt to plead derivative claims in an

action the plaintiff chose to fashion as a class action complaint, the same tactic employed by Plaintiff in this action. It stated, "nothing prevented Plaintiffs from filing a derivative action under §§ 36(b) and 48(a) instead of <u>improperly</u> filing a class action based on those sections." *Id.* at 515 (emphasis added). Here, Plaintiff's improper pleading of derivative allegations in his covered class action is even worse, as Plaintiff knows he cannot state a derivative claim because he lacks standing and knows his voting allegations are derivative and subject to dismissal. Plaintiff pled his unsustainable derivative allegations—already rejected by Judge Komar—solely in hopes of manufacturing an appearance of a basis to avoid removal and dismissal under SLUSA under the Delaware carve out. Plaintiff has all but admitted his strategy, which this Court should reject.

Allowing Plaintiff's chicanery to succeed would render SLUSA and *Dabit* meaningless. Indeed, it is hard to imagine when a plaintiff could not assert a single non-maintainable derivative voting allegation, predicated on a single proxy statement, to save an otherwise covered class action. This Court recently stated: "With <u>few exceptions</u>, SLUSA limits the maintenance of certain class action suits in either state or federal court and requires that such suits be removed to federal court and dismissed." *Huang v. Reyes*, 2008 WL 648519 *2 (N.D. Cal 2008) (emphasis added). The interpretation of SLUSA proffered by Plaintiff urges this Court to allow the "few exceptions" to eliminate the entire rule supplied by SLUSA. Congress did not intend, and could not have intended, such an absurd result. Nor does the language of the statute support it.

### 3. The Delaware Carve Out Cannot Save Plaintiff's Complaint Because Plaintiff's Voting Allegations Cannot Be "Maintained" in State Court.

Congress anticipated plaintiffs would attempt to avert the plain object of SLUSA with unsustainable allegations when it drafted the remand provision of the statute. The remand provision of SLUSA states that an action removed under SLUSA shall only be remanded "<u>if the Federal court determines that the action may be maintained</u> in State court." 15 U.S.C. § 78bb(f)(3)(D) (emphasis added). This provision evidently requires courts to make a determination as to the viability of a complaint in state court prior to remanding it without thought. Judge Komar has already properly rejected plaintiff's voting allegations as derivative

and this Court should do the same. Once Plaintiff's voting allegations are properly dismissed, he will only have a covered class action not subject to any carve out remaining. Plaintiff's operative complaint cannot be maintained in this court, or state court, for all the reasons outlined in KLA's pending motion to dismiss.

### 4. Plaintiff's Holder Allegations Do Not Fit Into the Delaware Carve Out.

Plaintiff's breach of fiduciary duty claims seek damages for "holding" shares of KLA, and thus do not fall under the "carve out." In order to fit into the exception, the action must be a class action that satisfies either of two enumerated exceptions:

> (I)  the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
>
> (II) any recommendation, position, or other communication with respect to the sale of securities of the issuer that- (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and (bb) concerns decisions of those equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(A)(ii). Plaintiff's allegations defeat both exceptions.

Plaintiff argues that the first carve out exception applies because "this action involves the transfer of stock from KLA-Tencor (the 'issuer') to the Company's stock option plans ('holders of equity securities of the issuer'), and thereby to certain of the Company's directors, officers and employees (also 'holders of equity securities of the issuer')." Motion to Remand at 9. The first prong of the carve-out cannot apply here, however, because this provision applies only to securities offerings made ***"exclusively"*** to ***existing*** shareholders. *See Sonofia v. Principal Life Ins. Co.*, 378 F. Supp. 2d 1124, 1133-34 (S.D. Iowa 2005) (carve-out inapplicable where shares not offered exclusively to existing shareholders); *Huang v. Reyes*, Case No. 07-05950 CRB, 2008 WL 648519 (N.D. Cal. March 6, 2008). Here, Plaintiff alleges that KLA issued "backdated stock options to ***all employees*** who received grants between July 1, 1997 and June 30, 2002." SAC ¶ 1 (emphasis added). This allegation covers shares granted to new hires and part-time KLA employees who did not already own shares of the Company. Thus, Plaintiff cannot allege that offerings were made exclusively to existing KLA shareholders. This Court faced the same

scenario in *Huang*, where it considered application of the first carve out exception to an action alleging stock options backdating. This Court correctly observed that "[t]here is little question that the plaintiff's claim does not meet the criteria of the first prong—requiring that the action be based on the purchase or sale of securities by the issuer exclusively to or from existing holders of the securities." *Huang*, *supra*, at *4 (emphasis in original). Moreover, here, unlike *Huang*, Plaintiff pled a holder's fraud claim in the operative complaint at the time of dismissal, clearly bringing the case within SLUSA's mandatory removal provision.

Plaintiff then argues he has met the second carve out exception because his class action "concerns decisions of [shareholders] with respect to voting their securities." Specifically, Plaintiff alleges that he and other shareholders were denied the right to make an informed decision in favor of "(i) a proposal allowing the Evergreen Provision to go forward; (ii) adding to the restated 1982 Stock Option Plan; and (iii) the [sic] adopting the 2004 Equity Incentive Plan."[6] Motion to Remand at 9. Plaintiff's claims fail to meet the second prong of the Delaware carve-out because Plaintiff's causes of action seek damages for "holding" shares of KLA stock.[7]

Plaintiff should not be allowed to save his holder claims seeking damages simply by referring to allegations he has made that relate to voting, when his action is seeking core securities fraud damages for holding shares of KLA stock. As argued above and in KLA's

---

[6] Though Plaintiff argued in his Motion to Remand that the Company presented him with three opportunities to vote his shares, his SAC makes clear that neither he nor the other shareholders had any vote regarding the "evergreen" provision or adding stock to the restated 1982 Stock Option Plan. *See* SAC ¶ 33 ("The 1982 Stock Option Plan also had an 'evergreen' automatic annual share replenishment feature"). The "evergreen" provision automatically added shares to the 1982 Stock Option Plan without any shareholder vote being required. *Id.* Plaintiff's argument regarding "adoption of the restated 1982 Stock Option Plan" is similarly bogus. By Plaintiff's own admission, the "restated" Plan was restated on November 18, 1996 without any requested shareholder action. *See* Motion to Remand at 3; SAC ¶ 32.

[7] This Court should regard Plaintiff's separate counts for breach of fiduciary duty as one cause of action because they seek to relief related to one primary right—namely, the fiduciary duty Defendants owe KLA shareholders. *See Allstate Ins. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th 901, 907-908 (2000) (internal quotes omitted) ("The violation of one primary right constitutes a single cause of action"); *Tracfone Wireless, Inc. v. County of Los Angeles*, 163 Cal.App.4th 1359 (2008) (holding separate counts stated the same cause of action where "count simply incorporated the identical facts from a general statement of facts, adding a legal conclusion to each claim regarding the effect of the incorporated facts"). Plaintiff's separate counts are one cause of action because they state two slightly different legal conclusions regarding the same set of operative facts and primary legal theory. Moreover, Plaintiff incorporates all of his general allegations in this Second Count for breach of fiduciary duty. SAC ¶ 84. Thus, this count relies on the "holder" allegations made at Paragraph 81.

motion to dismiss, Plaintiff's voting claims are derivative, and do not qualify as part of a "covered class action." The remaining holder claims are not covered by the carve out. There are no "implied exceptions" to SLUSA preemption. *Dabit*, *supra*, 547 U.S. at 86. Thus, because there is no such enumerated exception for the holder claims Plaintiff has brought against KLA, his claims cannot be saved by the carve out.

Plaintiff seeks damages on behalf of shareholders for "holding their shares of KLA-Tencor stock during times relevant herein." SAC ¶ 81. There is no exception under SLUSA for these claims, and they are exactly the type of claims that the Supreme Court deemed to be pre-empted by SLUSA in *Dabit*. In *Dabit*, plaintiffs filed an action in federal court asserting claims for breach of fiduciary duty under Oklahoma state law. Plaintiffs alleged that Merrill Lynch caused its brokers to issue false and misleading statements regarding the value of its investment banking clients' stocks. According to plaintiffs, these false and misleading statements caused them to hold onto overvalued securities. The Second Circuit held that SLUSA did not apply to claims by "holders" who did not sell their shares. In reversing the Second Circuit, The Supreme Court held that SLUSA preempts state law claims by "holders" of covered securities.

> The holder class action that respondent tried to plead … is distinguishable from a typical Rule 10b-5 class action only in one respect: It is brought by holders instead of purchasers or sellers. For purposes of SLUSA preemption, that distinction is irrelevant; the identity of the plaintiffs does not determine whether the complaint alleges fraud 'in connection with the purchase or sale' of securities.

*Id.* at 84

Plaintiff's reliance on *City of Ann Arbor Employees' Retirement Sys. v. Gecht*, 2007 WL 760568 (N.D. Cal. 2007), and *Pace v. Bidzos*, 2007 WL 2908283 (N.D. Cal. Oct. 3, 2007) is misplaced.[8] These actions involved claims that were limited in scope, and did not seek to impose

---

[8] This Court's ruling in *Huang* is similarly inapposite because plaintiff there did not seek compensatory damages arising from "holding" shares of Brocade. Rather, the allegations in *Huang* were merely that officers and directors of Brocade issued misleading proxy statements that shareholders relied on to vote on whether to increase the authorized shares of Brocade common stock. *Id.* at 1. The complaint alleged only a cause of action for the breach of fiduciary duty of disclosure. Although similar factual allegations are made in the present action, Plaintiff's additional "holder" allegations expand the scope of his claims beyond voting shares of a corporation's stock. The same is true of *Superior Partners v. Chang*, 41 F.Supp.2d 750 (S.D. Tex. 2007), where there were no "holder" allegations made. Most importantly,
*Footnote continued …*

compensatory damages for "holding" shares of a corporation. In *Gecht*, "the thrust of Plaintiff's complaint [was] that '[a] shareholder who knew that Company executives backdated options granted under prior plans … would not have voted in favor of expanding the Compensation Committee's ability to issue stock options under the 2004 Plan or other forms of compensation under the 2000 Employee Stock Purchase Plan." *Id.* at *1. Similarly, in *Pace* a plaintiff brought a class action seeking to rescind amendments made to VersiSign's stock option plans because proxy statements failed to disclose backdating in asking shareholders to approve the addition of stock to a stock options plan. *Id.* at *2. There were no "holder" claims alleged.

Plaintiff's allegations here are far more wide-reaching, as Plaintiff here seeks compensatory damages for "holding" his shares of KLA. The complaints filed in *Gecht* and *Pace* were not "Trojan horse" complaints, where the "voting" claims were used to thwart SLUSA preemption so that the "holder" claims could proceed. Moreover, the causes of action in all of these matters were asserted exclusively under the laws of the company's state of incorporation. Plaintiff, however, asserts claims based on California law against a Delaware corporation.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion to Remand and dismiss this action with prejudice.

Dated: August 22, 2008

MORGAN LEWIS & BOCKIUS LLP

By: /s/
 Thomas R. Green
One Market Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001

Counsel for Defendant KLA-Tencor Corp.

---

none of the cases cited by Plaintiff analyze whether improper derivative allegations in a class action complaint are sufficient alone to warrant remand under the Delaware carve out.