Patrice L. Bishop (182256)
service@ssbla.com
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel: (310) 209-2468
Fax: (310) 209-2087

Jules Brody
Aaron L. Brody
SSBNY@aol.com
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHRIS CRIMI, on Behalf of Himself and All Others Similarly Situated,

Plaintiff,

v.

EDWARD W. BARNHOLT, H. RAYMOND BINGHAM, ROBERT T. BOND, RICHARD J. ELKUS, JR., STEPHEN P. KAUFMAN, KENNETH LEVY, MICHAEL E. MARKS, DEAN O. MORTON, KENNETH L. SCHROEDER, JON D. TOMPKINS, RICHARD P. WALLACE, KLA-TENCOR CORPORATION, and DOES 1 through 25,

Defendants.

CASE NO. C 08-2249 CRB

**CLASS ACTION**

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION**

DATE: September 12, 2008
TIME: 10:00 a.m.
JUDGE: Hon. Charles R. Breyer
CTRM: 8, 19th Floor

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. C 08-2249 CRB Z:\STULL\KLA2\PLD\Remand Reply.wpd

Plaintiff Chris Crimi respectfully submits this Memorandum of Points and Authorities in support of his Motion to remand this action to the Santa Clara Superior Court.

## I. INTRODUCTION

Plaintiff Crimi filed this action in the Santa Clara Superior Court. This Court should now remand this action back to the Santa Clara Superior Court because Defendant KLA-Tencor Corporation ("KLA" or the "Company") cannot meet its burden of proof related to the removal of an action from state court to federal court based on subject matter jurisdiction. Indeed, as this Court has already ruled in an action alleging similar (but different) claims as alleged herein, "[b]ecause Plaintiff's complaint falls within the ambit of an exception to SLUSA, Defendants' motion [should be] DENIED and the action [should be] REMANDED to state court." *Huang v. Reyes*, N.D. Cal. Case No. C 07-5950 CRB, at 2:1-3 (N.D. Cal. Mar. 6, 2008) (emphasis in original).

## II. BECAUSE THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION, THIS CASE MUST BE REMANDED TO THE SANTA CLARA SUPERIOR COURT

As stated in plaintiff's opening papers, the general federal remand statute, 28 U.S.C. § 1447(c), provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, SLUSA provides that if, in considering a challenge to the removal from state court under SLUSA's provisions, the federal district court determines that an action is preserved under the Delaware carve-out, the federal court is *required* to remand the action back to state court. SLUSA specifically states that after an action has been removed, "if the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court *shall remand* such action to such State court." 15 U.S.C. § 78bb(f)(3)(D) (emphasis added). Therefore, once this Court determines it does not have subject matter jurisdiction, it *must* remand the case back to the Santa Clara Superior Court.

///

///

///

1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. C 08-2249 CRB Z:\STULL\KLA2\PLD\Remand Reply.wpd

As more fully alleged in plaintiff's Memorandum of Points and Authorities in support of his Motion, Plaintiff's state law claims involve both:

> (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; [and/]or
>
> (II) any recommendation, position or other communication with respect to the sale of securities of an issuer that –
>
>> (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>>
>> (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C § 78bb(f)(3)(A)(ii). Accordingly, this Court must remand this action to the Santa Clara Superior Court. *See* 15 U.S.C. §17bb(f)(3)(D).[1]

In its Opposition to Motion to Remand (the "Opposition" or "Opp."), KLA is grasping at straws. First, in the Introduction section of the Opposition, defendant alleges that in his Second Amended Complaint (the "SAC") plaintiff makes the same claims as he did in his first complaint which was dismissed with leave to amend. *See* Opp. at 1:18-19 ("Plaintiff uses the already rejected voting claims as a Trojan horse . . .."), 2:3-4 ("The state court has already found that his voting allegations are derivative . . ..").[2] Then, KLA alleges that "Plaintiff's reliance on *City of Ann Arbor*

---

[1] SLUSA requires remand when a plaintiff's complaint satisfies either 15 U.S.C § 78bb(f)(3)(A)(ii)(I) or 15 U.S.C § 78bb(f)(3)(A)(ii)(II). Satisfaction of both clauses is not necessary. *Id. See also Indiana Elect'l. Workers Pension Trust Fund, IBEW v. Millard*, 2007 U.S. Dist. LEXIS 54203, at *11 (S.D. N.Y. July 26, 2007) (The Court, finding that at argument the parties "focused on prong (II)" and that "prong (II) [was] dispositive," also found that it was "unnecessary to reach prong (I)" before remanding.)

[2] Contrary to defendant's intimations, there has been no holding by any court that plaintiff cannot plead his action as a direct action and must plead his action as a derivative action. Moreover, as recently recognized by the Delaware Chancery Court, "In *In re J.P. Morgan Chase & Co Shareholders Litigation*, the [Delaware] Supreme Court began its analysis by recognizing that a claim for a breach of the duty of disclosure that 'impaired the stockholder's right to cast an informed vote . . . is direct.'" *In re Transkaryotic Therapies, Inc.*, 2008 Del. Ch. LEXIS 76, 31-32 (Del. Ch. June 19, 2008). As a result, plaintiff believes his action is properly pled as a direct action and would survive any demurrer filed in state court or defendant's motion to dismiss filed in federal court. (However, because this action should be remanded, plaintiff contends that this court does not

*Employees' Retirement Sys. v. Gecht*, 2007 WL 780568 (N.D. Cal. 2007), and *Pace v. Bidzos*, 2007 WL 2908283 (N.D. Cal. Oct. 3, 2007) is misplaced. [footnote omitted]  These actions involved claims that were limited in scope, and did not seek to impose compensatory damages for 'holding' shares of a corporation."  Opp. at 13:21-14:1.  As a result of these two arguments, defendant's motion is internally contradictory.  How can plaintiff's current claims be the same as the ones "already reject[ed]" by the state court but different from the claims in *Ann Arbor* and *Pace*, which were essentially the same, with minor differences, to the ones plaintiff Chris Crimi alleged against defendants herein in his initial state court complaint.  The arguments, together, are absolutely nonsensical.

While plaintiff believes his currently pled claims are different claims which relate to the ones he initially alleged in state court and which were the subject of defendant's Demurrer, plaintiff also believes that prong "(I)" of the Delaware carve-out applies to this litigation because it "involves" the transfer of stock from KLA (the "issuer") to the Company's stock option plans ("holders of equity securities of the issuer"), and thereby to certain of the Company's directors, officers and employees (also "holders of equity securities of the issuer").  *See* 15 U.S.C. §78bb(f)(3)(A)(ii)(I).  KLA's grant of options to purchase its equity securities to its directors, officers and employees was a "sale" of the underlying equity securities. *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1129-1130 (9th Cir. 2002).  As a result, option holders are the holders of securities. Accordingly, contrary to defendant's assertion, when an option holder exercises his or her rights pursuant to the option, KLA, the issuer, sells securities exclusively to "holders of equity securities of the issuer." 15 U.S.C. §78bb(f)(3)(A)(ii)(I).

Prong "(II)" of the Delaware carve-out also applies to this litigation because plaintiff's SAC alleges that defendants breached their Delaware state law fiduciary duties by, *inter alia*, disseminating false and misleading proxy statements on October 6, 1997, September 28, 1998, October 15, 1999, October 6, 2000, September 28, 2001, September 20, 2002, September 23, 2003,

---

need reach the merits of defendant's motion to dismiss because it should be denied on the grounds that the action should be remanded to state court. *See Huang v. Reyes*, N.D. Cal. Case No. C 07-5950 CRB (N.D. Cal. Mar. 6, 2008).)

3
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION**
**CASE NO. C 08-2249 CRB**                                                           Z:\STULL\KLA2\PLD\Remand Reply.wpd

September 9, 2004, October 13, 2005; and February 27, 2007, which, as more fully outlined in the SAC, requested KLA shareholders vote their shares in favor of proposals to dedicate millions of additional KLA shares to the Evergreen Provision,[3] adopt the restated 1982 Stock Option Plan, and adopt the 2004 Equity Incentive Plan. ¶¶30-46, 71;[4] *See also* 15 U.S.C. §78bb(f)(3)(A)(ii)(I); *Huang v. Reyes*, N.D. Cal. Case No. C 07-5950 CRB at 7:8-10 (Plaintiff's claims definitely "satisfy the second prong of the carve-out."). Indeed, as held by the *Indiana Elec'l* Court, "the alleged communications [to shareholders through proxy statements] were 'with respect to the sale of securities.'" *Indiana Elec'l.*, 2007 U.S. Dist. LEXIS 54203, at *12-13 and *21.[5] Accordingly, as in this litigation, "the allegations in the Complaint meet every requirement to fall within prong (II) of the carve-out." *Id.*, 2007 U.S. Dist. LEXIS 54203, at *25.

Finally, contrary to defendant's assertion, the only complaint currently relevant to plaintiff's Motion for Remand and defendant's Motion to Dismiss is the SAC, which defendant stipulated to plaintiff filing. *See Crimi v. Barnholt, et al.*, Case No. CV-08-2249 CRB, Docket No. 33 (N.D. Cal. July 3, 2008). The fact that the complaint on file at the time defendant removed this action to

---

[3] The Evergreen Provision was automatic annual share replenishment feature which provided for, on the first day of the next fiscal year, the addition to the Plan an amount of shares equal to 3% of KLA's outstanding shares of common stock on the last day of each fiscal year.

[4] All "¶" references are to plaintiff's SAC.

[5] *See also Ann Arbor*, 2007 U.S. Dist. LEXIS 21928:

> Here, there is more than a "tangential relationship between Defendants' allegedly fraudulent communications to shareholders and the prospective sale of securities at issue (*i.e.* stock option grants). [fn omitted] *Falkowski, 309 F.3d at 1130-31*. The authorization sought by the allegedly misleading proxy statement has a "transaction nexus" with any further options grants. *In re Financial Corp. Of Am. Shareholder Litig.*, 796 F.2d at 1130. The shareholder authorization was necessary predicate to any further option grants of backdated options, options contemplated by the complaint. [fn omitted] The complaint fairly implies the purpose of the misleading proxy solicitation was to facilitate further backdated options. There is thus clear causal connection between the proxy statement and the anticipated transaction.

federal court contained an additional cause of action does not defeat plaintiff's motion for remand. That cause of action is no longer part of plaintiff's claims, and the Court should not consider a claim which has been voluntarily removed from the action. Any further argument related to that cause of action is moot, because it is no longer part of this case.

*In re Lord Abbett Mutual Funds Fee Litig.*, 463 F. Supp. 2d 505, 514 (D. N.J. 2006), cited by defendants, is not dispositive because, unlike in the *Lord Abbett* case, there has been no finding that any claim asserted by plaintiff is precluded by SLUSA. *Id.* Instead, prior to a hearing on KLA's motion to dismiss, because KLA violated this Court's Standing Order regarding the permissible length of a brief, defendant stipulated to plaintiff's filing the SAC, without reserving rights related to plaintiff's First Amended Complaint filed in state court. Instead, defendant only "reserve[d] all rights and arguments with respect to the Second Amended Complaint." *See Crimi v. Barnholt, et al.*, Case No. CV-08-2249 CRB, Docket No. 33 at 2:18 (N.D. Cal. July 3, 2008). Moreover, *Lord Abbett* is a District of New Jersey case which is not authority this Court must follow. Indeed, a recent a Judge in the Central District of California found the *Lord Abbett* reasoning "unpersuasive." *In re Am. Funds. Mut. Fee Litig.*, 2007 U.S. Dist. LEXIS 8276, at *19 (C.D. Cal. Jan. 18, 2007) (holding that SLUSA does not require that a court dismiss entire actions because some claims were barred by SLUSA).

Again, pursuant 28 U.S.C. § 1447(c) "[i]f **at any time** before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Because the claims alleged by plaintiff in the SAC are exempt from the SLUSA preemption requirements pursuant to the Delaware carve-out clause, this action must be remanded to the Santa Clara Superior Court.

///

///

///

5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION PURSUANT TO 28 U.S.C. § 1447 FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. C 08-2249 CRB Z:\STULL\KLA2\PLD\Remand Reply.wpd

## III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court remand this action to the Santa Clara Superior Court.

Dated: August 29, 2008

Patrice L. Bishop
STULL, STULL & BRODY

By: /s/
Patrice L. Bishop
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel: (310) 209-2468
Fax: (310) 209-2087

Jules Brody
Aaron L. Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

Counsel for Plaintiff